Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
8033 Linda Vista Road, Suite 200
San Diego, California 92111
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Greenley**, | Case No. **'20CV2198 MMA BGS** |
| Plaintiff, | |
| v. | **Complaint** |
| **Higher Education Loan Authority of the State of Missouri a/k/a MOHELA**, | Jury Trial Demanded |
| Defendant. | |

## **INTRODUCTION**

1. Defendant Higher Education Loan Authority of the State of Missouri, a/k/a MOHELA, harassed Plaintiff with collection robocalls for a third party, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Plaintiff instructed Defendant to stop calling.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's

privacy rights afforded under state and federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471 (1980).

4. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these wrong party, repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's time, and interfered with his ability to otherwise make and receive calls on his cellular telephone.

## JURISDICTION

5. Jurisdiction arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

7. Venue is proper in this District because Defendant transacts business here

Complaint—2

and places phone calls into this District.

## PARTIES

8. Plaintiff David Greenley (hereinafter "Plaintiff") is a natural person who at all material times pertinent hereto resided in Southern California and is a third-party to a debt as that term is addressed in 15 U.S.C. § 1692c(b).

9. Plaintiff has suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

10. Defendant Higher Education Loan Authority of the State of Missouri, a/k/a MOHELA, (hereinafter "Defendant" or "MOHELA") services student loan debt and regularly engages in the collection of student loan debt. Defendant has its principal place of business in Chesterfield, Missouri, and does business in every State, including California.

11. At all times relevant to this Complaint, Defendant used one or more instrumentalities of interstate commerce, including electronic communication, to conduct business in the State of California and within this judicial district.

12. Defendant is not an attorney or counselor at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal.

Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents used an automatic telephone dialing system to call Plaintiff's cellular telephone number (612) 810-7626 ("cellular telephone") in an effort to collect a debt from a third party.

14. Over ten years ago, Plaintiff's brother, who is a natural person, obtained a student loan for his education ("loan").

15. In or around October of 2019, Plaintiff's brother failed to make a payment on the loan.

16. On November 12, 2019, Plaintiff received a missed call from Defendant on his cellular telephone. The missed call was from (888) 866-4352.

17. That same day, Plaintiff returned the missed call to find out what the call was regarding.

18. Plaintiff was connected to Defendant's agent who identified himself as "Travis" and the name of his employer as MOHELA. Plaintiff instructed Defendant to take him off of their call list.

19. Defendant's agent Travis stated that he could not take him off the call list and that Plaintiff's only recourse was to wait and answer another call from Defendant.

20. Despite Plaintiff's request, Defendant's calls to Plaintiff's cellular

telephone continued.

21. On November 13, 2019, Plaintiff answered a call on his cell phone from Defendant.

22. Plaintiff answered the call and spoke with Defendant's agent who identified himself as Nicholas.

23. During that conversation Defendant said that they had a message for Plaintiff's brother and requested that Plaintiff's brother return their call. Defendant left a call back number with Plaintiff.

24. Plaintiff informed Defendant that he had previously requested that Defendant stop calling his cell phone.

25. On November 14, 2019, Plaintiff spoke to his brother and transmitted the message Defendant left for him.

26. Subsequently, Plaintiff's brother informed Plaintiff that Defendant disclosed to him that they had found Plaintiff's number via a Google search.

27. Defendant was a stranger to Plaintiff.

28. Plaintiff never provided his cellular telephone number to Defendant.

29. Plaintiff's brother never provided Plaintiff's cellular telephone number to Defendant.

30. Defendant had no reasonable basis to believe that Plaintiff's cellular telephone number was associated with his brother or the loan.

Complaint—5

31. By requesting Plaintiff relay a message to his brother, Defendant converted Plaintiff into a debt collector and used his familial ties to collect a debt on their behalf.

32. In and around November of 2019, Defendant and the collectors employed by Defendant repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect a debt belonging to a third party, after he had told Defendant and its agents to stop calling his cellular telephone.

33. The repetitive calls Defendant placed to Plaintiff's cellular telephone, despite his requests that the calls stop, caused Plaintiff to feel upset, frustrated, helpless to stop the calls, and wasted his time.

34. The calls caused Plaintiff to waste his time and have an uncomfortable conversation with his brother to relay Defendant's message regarding the past due loan.

35. ***Telephone Consumer Protection Act***

36. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

37. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

38. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

39. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

40. The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order released on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

41. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

42. An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

43. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

44. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (612) 810-7626 that is assigned to a service for which Plaintiff is charged for calls.

45. At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Illegal Auto-Dialed Collection Calls*

46. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents knowingly used an automatic telephone dialing system to call Plaintiff's cell phone number (612) 810-7626 in an effort to collect a debt from Plaintiff multiple times.

47. Plaintiff instructed Defendant to stop calling his cellular telephone number, thus fully and effectively revoking Defendant's right to call this cellular telephone.

*Revocation of Consent*

48. On November 12, 2019, Plaintiff returned a missed call he received from Defendant on his cellular telephone. He informed Defendant that they were calling his cellular telephone and to please not call again.

49. Defendant's agent admitted to Plaintiff that he could not fulfill Plaintiff's request.

50. Despite Plaintiff's revocation of Defendant's right to call his cellular telephone, Defendant persisted in calling him using an ATDS on his cellular phone.

51. On November 13, 2019, Plaintiff answered a call he received from Defendant on his cellular telephone and Plaintiff once again instructed Defendant to stop calling his cellular telephone.

52. Upon good faith information and belief, this call from Defendant came from an automated telephone dialing system because there was a click and a pause after Plaintiff answered, but before a live collection person came on the line to speak with Plaintiff.

### Automated Call Violations of the TCPA

53. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cell phone by the use of an automatic telephone dialing system or a prerecorded or artificial voice for the purpose of collecting a debt from his brother.

54. Plaintiff instructed Defendant to stop calling his cell phone.

55. Defendant ignored Plaintiff's instructions, however, and continued to call Plaintiff's telephone number with its automatic telephone dialing system.

56. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, as Defendant admitted to obtaining the number from the internet and Plaintiff clearly informed Defendant that they did not have his permission to call his cell phone.

57. Defendant made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

58. These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cell phone was unavailable for legitimate use during the unwanted calls and the calls harassed and annoyed him.

59. Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

60. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

61. Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told to stop because Defendant had no basis to believe that they had Plaintiff's prior express consent to make

automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

62. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

63. Upon good faith information and belief, Plaintiff alleges that Defendant used an automated telephone dialing system to call his cellular telephone in violation of the TCPA, because, when answered, the calls involved clicks, pause, and delays before speaking with a live employee of Defendant.

### *Rosenthal Fair Debt Collection Practices Act*

64. California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") has adopted the acceptable standards of debt collection conduct for original creditors such as Defendant, Cal. Civ. Code § 1788, and has incorporated the standards under the federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, by reference.

65. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff's brother, who is a natural person, obtained a student loan over ten year ago.  Accordingly, this financial obligation meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

66. Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit transaction" as the acquisition of property, services or money on credit primarily for personal, family, or household purposes.  The debt incurred by Plaintiff's brother was for personal, family, or household purposes, more specifically his education, meeting the criteria for "consumer credit transaction" under Cal. Civ. Code § 1788.2(e).

67. Defendant began their collection attempts on the alleged debt shortly after Plaintiff's brother fell behind on the payments on loan.

68. In November of 2019, Defendant and the collectors employed by Defendant repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect the debt, which were "debt collection[s]" as that term is defined by Cal. Civ. Code § 1788.2(b)

69. Defendant's collection conduct with respect to Plaintiff in illegally collecting a debt, namely by placing calls in violation of the TCPA, is an otherwise

unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA.

70. Defendant's collection conduct in using Plaintiff's familial ties to deliver a collection communication on their behalf, is an otherwise unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA

71. The natural consequence of Defendant placing numerous illegal wrong party calls to Plaintiff's cellular telephone, despite Plaintiff's requests that these automated ATDS calls to his cellular telephone cease, was to annoy, harass, oppress, or abuse Plaintiff and therefore Defendant violated 15 U.S.C §§ 1692d, 1692d(5), as well as Cal. Civ. Code § 1788.11(d) of the RFDCPA.

72. Plaintiff felt frustrated as a result of the calls. The calls disrupted Plaintiff's daily activities and peaceful enjoyment of his life.

73. In violating 15 U.S.C §§ 1692f, 1692d, and 1692d(5), Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Summary*

74. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, RFDCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

75. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left

Complaint—13

alone.

76. Defendant's autodialed collection calls disrupted Plaintiff's privacy, and continually frustrated and annoyed Plaintiff.

77. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cell phone.

78. By persistently autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

### *Respondeat Superior Liability*

79. The acts and omissions of the debt collectors employed as agents by Defendant were committed within the time and space limits of their agency relationship with their principal, the Defendant.

80. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

81. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant.

82. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the TCPA and RFDCPA.

83. Plaintiff has suffered damages as a result of Defendant's illegal conduct in the form of frustration and feeling upset, amongst other negative emotions as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

84. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt owed by another party, all done in violation of numerous and multiple provisions of the TCPA and RFDCPA.

85. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the TCPA and RFDCPA, including but not limited to all of the provisions of the TCPA and RFDCPA, cited herein.

86. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

87. Defendant's collection efforts caused Plaintiff to suffer concrete and particularized harm because the RFDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Within the four-year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

90. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

91. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

92. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

93. Defendant made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly asked Defendant to stop.

94. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

95. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

96. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32

97. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

98. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, which incorporates the FDCPA by

reference, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

99. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

a) for an award of $500.00 in statutory damages, for each and every one of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

b) for an award of $1,500.00 in treble damages, for each and every one of

      Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

c) for an injunction prohibiting Defendant from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32.

d) an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

e) an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

f) an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant;

g) an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17, from Defendant; and

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   November 11, 2020.        Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff